IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY AND ANNETTE SCHAEFER,
Individually and on behalf of their
minor son, AS,

       Plaintiffs.

v.                                                CIV 09-1119 LH/KBM

LAS CRUCES PUBLIC SCHOOL DISTRICT,
DANTE THACKER, Principal at Zia Middle School,
DANIEL GOMEZ, Assistant Principal at Zia Middle
School, SONIA DIAZ, Superintendent of the Las Cruces
Public Schools, the Safety Officer at Zia Middle School and
other John/Jane Doe Defendants, including the School Nurse,
in their official capacity and individual capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on the Motion to Stay Discovery filed

by Defendants Las Cruces Public Schools, Dante Thacker and Daniel Gomez

(*Doc. 10*).  Having carefully reviewed the parties' submissions and relevant

authorities, I find the motion well taken and will grant it.

Count IV of the Complaint alleges that the defendants violated sixth-grader

AS's rights by failing to protect him from being "racked", that is, being kicked or

punched in the testicles, by an unknown student while walking on school grounds

on the way to his class.  On November 25, 2009, the defendants who have filed this

motion to stay discovery asked the presiding judge to dismiss the complaint on

many grounds, including qualified immunity for the individual defendants on

Count IV.

Plaintiffs maintain that the Court must permit limited discovery tailored to

the issue of entitlement to qualified immunity. *See Doc. 13* at 2-3. However, the

United States Supreme Court has cautioned against such relief:

> Our rejection of the careful-case-management approach
> is especially important in suits where Government-official
> defendants are entitled to assert the defense of qualified
> immunity. The basic thrust of the qualified-immunity
> doctrine is to free officials from the concerns of litigation,
> including "avoidance of disruptive discovery." *Siegert v.
> Gilley*, 500 U.S. 226, 236, 111 S. Ct. 1789, 114 L. Ed.2d
> 277 (1991) (KENNEDY, J., concurring in judgment).
> There are serious and legitimate reasons for this. If a
> Government official is to devote time to his or her duties,
> and to the formulation of sound and responsible policies,
> it is counterproductive to require the substantial
> diversion that is attendant to participating in litigation
> and making informed decisions as to how it should
> proceed. Litigation, though necessary to ensure that
> officials comply with the law, exacts heavy costs in terms
> of efficiency and expenditure of valuable time and
> resources that might otherwise be directed to the proper
> execution of the work of the Government.
>
> *   *   *
>
> It is no answer to these concerns to say that discovery for
> petitioners can be deferred while pretrial proceedings
> continue for other defendants. It is quite likely that,
> when discovery as to the other parties proceeds, it would

> prove necessary for petitioners and their counsel to
> participate in the process to ensure the case does not
> develop in a misleading or slanted way that causes
> prejudice to their position. Even if petitioners are not yet
> themselves subject to discovery orders, then, they would
> not be free from the burdens of discovery.

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009).   I will heed this advice and decline

to tailor discovery at this juncture.

In analyzing the merits of Defendants' motion to dismiss, the presiding judge

will view the allegations of the complaint in the light most favorable to Plaintiffs.

According to the response brief in opposition to a stay of discovery, Plaintiffs are

confident that their allegations in the Complaint as to Defendants' conduct plainly

violated constitutional rights that "have been clearly established within the Tenth

Circuit since at least 1988, possibly earlier."  *Doc. 13* at 3.  If they are correct and

Judge Hansen denies qualified immunity, it is at that point that the burdens of

discovery are appropriately imposed.

Wherefore,

IT IS HEREBY ORDERED that discovery in this matter is stayed

pending resolution of Defendants' pending motion to dismiss.

_____
UNITED STATES MAGISTRATE JUDGE